IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

D<small>E</small>ANGELO BISHOP,
No. 23256-044,

        Petitioner,

vs.                                               Case No. 15-cv-00854-DRH

JAMES CROSS,

        Respondent.

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

    Petitioner DeAngelo Bishop is currently incarcerated at the Federal Correctional Center in Greenville, Illinois, serving a 30-year sentence. *United States v. Bishop*, Case No. 93-CR-92-CEJ (E.D. Mo. 1994). Citing the Supreme Court's recent ruling in *Johnson v. United States*, __U.S. __, 135 S. Ct. 2551, 2557 (2015), Bishop brings this habeas corpus action pursuant to 28 U.S.C. § 2241, challenging his sentence. The petition is now before the Court for review under Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in United States District Courts.

    Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the

petition and direct the clerk to notify the petitioner."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

## Discussion

Bishop was found guilty of possession with intent to distribute heroin, cocaine, and cocaine base.  *United States v. Bishop*, Case No. 93-CR-92-CEJ (E.D. Mo. 1994).  He was sentenced to concurrent terms of imprisonment of 240 months and 360 months.  The direct appeal of his conviction and sentence was unsuccessful.  *United States v. Bishop*, Case No. 94-1297 (8th Cir. 1994).  Additionally, he filed a motion for post-conviction relief that was denied and dismissed on appeal.  *Bishop v. United States*, Case No. 4:97-CV-643 (CEJ) (E.D. Mo. 1997).

Bishop was sentenced as a "career offender" under United States Sentencing Guidelines Section 4B1.1 and the "residual clause" of 4B1.2(a)(2).  The Guidelines Section 4B1.1 career offender sentencing enhancement requires a defendant convicted of a crime of violence or controlled substance offense to have at least two prior felony convictions for either a "crime of violence" or a controlled substance offense.  Section 4B1.2 defines a "crime of violence" as any crime punishable by imprisonment for a term exceeding one year that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of*

*physical injury to another.* The italicized clause is what is referred to as the "residual clause." U.S.S.G § 4B1.2(a)(2).

The Guidelines' definition of a "crime of violence" and "residual clause" mirror the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B). *Compare* U.S.S.G. § 4B1.2(a)(2) *with* 18 U.S.C. § 924(e)(2)(B)(ii). The two residual clauses have been interpreted identically. *Ramirez v. United States*, Case No. 13-3889, 2015 WL 5011965, at *9 (7th Cir. Aug. 25, 2015) (citing *United States v. Billups,* 536 F.3d 574, 579 n. 1 (7th Cir. 2008); *United States v. Upton,* 512 F.3d 394, 404 (7th Cir. 2008) (abrogated on other grounds by *United States v. Miller,* 721 F.3d 435, 443 (7th Cir. 2013); *United States v. Rosas,* 410 F.3d 332, 335–36 (7th Cir. 2005)).

In *Johnson v. United States*, __U.S. __, 135 S. Ct. 2551, 2557 (Jun. 26, 2015), the Supreme Court held that, relative to the ACCA, imposition of an enhanced sentence under the residual clause violates due process because the vagueness of the clause "denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.*,135 S. Ct. at 2557. Relying on *Johnson*, petitioner Bishop argues that he should be resentenced without the Guidelines enhancement.

Ordinarily, a person may challenge his federal conviction and sentence only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A Section 2241 petition by a federal prisoner is generally limited to challenges to the actual

execution of the sentence.  *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991).  Federal prisoners may utilize Section 2241, however, to challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of Section 2255(e).  28 U.S.C. § 2255(e).

The savings clause allows a petitioner to bring a claim under Section 2241 where he can show that a remedy under Section 2255 is inadequate or ineffective to test the legality of his detention.  28 U.S.C. § 2255(e); *see* also *United States v. Prevatte,* 300 F.3d 792, 798–99 (7th Cir. 2002).  "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under [Section] 2255 establishes the petitioner's actual innocence.'"  *Hill v. Werlinger,* 695 F.3d 644, 648 (7th Cir. 2012) (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport,* 147 F.3d 605, 608 (7th Cir. 1998)).

The Court of Appeals for the Seventh Circuit has held that Section 2255 is only inadequate or ineffective when three requirements are satisfied: (1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his first Section 2255 motion but is retroactive; and (3) the alleged error results in a miscarriage of justice.  *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

On August 4, 2015, the Seventh Circuit specifically concluded that *Johnson* announces a new substantive rule of *constitutional* law that is retroactively

applicable in a collateral attack on a final conviction. *Price v. United States*, __F.3d __, 2015 WL 4621024, at *1 (7th Cir. Aug. 4, 2015) (authorizing District Court to consider second or successive Section 2255 motion seeking relief under *Johnson* relative to an ACCA sentence). *Price* indicates that a motion filed pursuant to Section 2255 is the primary vehicle for seeking relief under *Johnson*.

On August 25, 2015, the Seventh Circuit stated in dicta, "[W]e proceed on the assumption that the Supreme Court's reasoning [in *Johnson*] applies to section 4B1.2 as well"—leaving decision of the issue for another day. *Ramirez v. United States*, No. 13-3889, 2015 WL 5011965, at *9 (7th Cir. Aug. 25, 2015). The appellate court further noted that the U.S. Sentencing Commission is seeking comments on a proposal to change the guideline language to make it conform to *Johnson. Id.*[1]

With *Johnson* being so new, and only addressing the ACCA's residual clause, the law is evolving on a daily basis. Although a clearer picture is beginning to form, the petition pending before this Court was filed pursuant to 28 U.S.C. § 2241, and cannot be re-characterized as a Section 2255 motion. In *Collins v. Holinka,* 510 F.3d 666, 667 (7th Cir. 2007), the Seventh Circuit held that "judges must respect the plaintiff's choice of statute to invoke and give the action the treatment appropriate under that law." The Court will allow petitioner to proceed, at least for now, on his theory that a Section 2255 motion is inadequate

---

[1] U.S. Sentencing Commission News Release, "U.S. Sentencing Commission Seeks Comment on Revisions to Definition of Crime of Violence," http://www.ussc.gov/sites/default/files/pdf/news/press-releases-and-news-advisories/press-releases/20150807—Press—Release.pdf.

or ineffective and the government shall be ordered to respond to the instant petition.

If petitioner decides to pursue relief under Section 2255, he is advised that because he previously filed a Section 2255 motion, he, like the petitioner in *Price*, would need to seek permission to file a second or successive Section 2255 motion with the federal Court of Appeals of the circuit in which he was sentenced.  *See* 28 U.S.C. § 2244(b)(3).  Petitioner is advised that the one-year period prescribed by 28 U.S.C. 2255 (f)(3) for filing a Section 2255 motion runs from the date of the Supreme Court's ruling initially recognizing the right asserted, *not* from the date the newly recognized right was found to be retroactive.  *Dodd v. United States*, 545 U.S. 353, 357 (2005).  Although *Johnson* pertains to the ACCA not the Guidelines, arguably the one-year period has begun to run.

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead on or before **September 30, 2015**.[2]  This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

---

[2] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.  *See* SDIL-EFR 3.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Dated: August 31, 2015

Digitally signed by David R. Herndon
Date: 2015.08.31 14:15:48 -05'00'

**United States District Judge**