IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DEANGELO BISHOP,**

        **Petitioner,**

vs.                                        Civil No.  15-cv-854-DRH-CJP

**JAMES CROSS,**

        **Respondent.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Petitioner Deangelo Bishop, an inmate in the Bureau of Prisons, filed a petition for writ of habeas corpus under 28 U.S.C. §2241. (Doc. 1).

In 1993, a jury in the Eastern District of Missouri convicted petitioner of possession with intent to distribute heroin, cocaine and cocaine base.  He was sentenced to concurrent terms of 240 and 360 months imprisonment.  His sentence was enhanced because he was a career offender for purposes of the U.S. Sentencing Guidelines.  Bishop now argues that he is entitled to be resentenced without the career offender enhancement under the recent case of *Johnson v. United States,* ⎯ U.S. ⎯⎯, 135 S. Ct. 2551 (June 26, 2015).

Respondent has filed a motion to dismiss, Doc. 10, arguing that Bishop is precluded from making a *Johnson* claim in a §2241 petition.  Petitioner sought and was granted an extension of time in which to respond to the motion.  His

Page **1** of **7**

response was due on November 2, 2015. See, Doc. 11. Petitioner has not filed a response.

### Relevant Facts and Procedural History

On direct appeal, the Eighth Circuit Court of Appeals summarily affirmed petitioner's conviction and sentence. *United States v. Bishop,* 43 F.3d 673 (8th Cir. 1994)(table).

Petitioner filed a motion under 28 U.S.C. §2255 in the Eastern District of Missouri, which was denied in 2000. *Bishop v. United States*, Case No. 97-cv-00643-CEJ (E.D. Mo 1997). The Eighth Circuit denied a certificate of appealability. *Bishop v. United States*, Case No. 00-2904 (8th Cir. August 22, 2000). In June, 2001, the Eighth Circuit denied Bishop's subsequent request for permission to file a successive §2255 motion. *Bishop v. United States*, Case No. 01-1892 (8th Cir. June 28, 2001).

In October, 2015, petitioner wrote a letter to the Eastern District of Missouri, referencing *Johnson* and seeking the appointment of counsel. The letter was docketed in his criminal case, Case No. 93-092-CEJ at Doc. 21. Pursuant to the Eastern District of Missouri's established procedure, petitioner's letter was forwarded to the Federal Public Defender and that office was directed to review Bishop's motion and criminal history to determine whether he might be entitled to a sentence reduction under *Johnson*. The Federal Public Defender was granted 45 days from the date of the order (October 30, 2015) in which to file a §2255 motion or a request for leave to file a successive §2255 motion. A copy of

the order is attached hereto for ease of reference.

## Applicable Legal Standards

Generally, petitions for writ of habeas corpus under 28 U.S.C. §2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. See, *Valona v. United States*, 138 F.3d 693, 694 (7th Cir.1998).

A federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to 28 U.S.C. §2255 in the court which sentenced him. Indeed, a §2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). However, the statute generally limits a prisoner to *one* challenge of his conviction and sentence under §2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h).

It is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under §2241. 28 U.S.C. §2255(e) contains a "savings clause" which authorizes a federal prisoner to file a §2241 petition where

the remedy under §2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. §2255(e).  See, *United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002).  The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), and its progeny.

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions.  First, he must show that he relies on a new statutory interpretation case rather than a constitutional case.  Secondly, he must show that he relies on a decision that he could not have invoked in his first §2255 motion *and* the new rule must apply retroactively.  Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice.  *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).  See also, *Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

## Analysis

Respondent argues, correctly, that this Court cannot entertain petitioner's amended §2241 petition because it does not fit within the savings clause of 28 U.S.C. §2255(e).

Petitioner's *Johnson* claim cannot be brought here because *Johnson* does not announce a new rule of statutory construction.  In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."  *Johnson,* 135 S. Ct. at 2563.  *Johnson* announces a new rule of constitutional

law, and, therefore, cannot be the basis for a §2241 petition. *Brown v. Caraway*, 719 F.3d at 586.

While *Johnson* cannot be the basis for a §2241 petition, it may present grounds for filing a second or successive §2255 motion in the district where petitioner was convicted. Because he previously filed a §2255 motion, petitioner must seek permission to file a second or successive §2255 motion with the federal court of appeals of the circuit in which he was sentenced. See 28 U.S.C. § 2244(b)(3).

Petitioner should note that 28 U.S.C. 2255(f)(3) requires that a §2255 motion relying on a newly-recognized right must be filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court…." *Johnson* was decided by the Supreme Court on June 26, 2015. Further, the one-year period prescribed by 2255(f)(3) runs from the date of the Supreme Court's ruling initially recognizing the right asserted, and not from the date the newly recognized right was found to be retroactive. *Dodd v. United States*, 125 S. Ct. 2478, 2482 (2005).

Bishop has already taken steps to bring his *Johnson* claim under review in the Eastern District of Missouri, and his case is presumably now under review by the Federal Public Defender of that district. This Court expresses no opinion as to whether Bishop is entitled to relief under *Johnson* or whether the Eighth Circuit would grant petitioner leave to file a second or successive §2255 motion.

As discussed above, petitioner's *Johnson* argument relies on a

constitutional case, and not a case of statutory construction. Therefore, his petition does not meet the first of the *Davenport* conditions. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). Accordingly, respondent's Motion to Dismiss (Doc. 10) must be **GRANTED**.

If petitioner wishes to appeal the dismissal of his petition, he may file a notice of appeal with this court within 60 days of the entry of judgment. Federal Rule of Appellate Procedure 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

## Conclusion

Respondent's Motion to Dismiss (Doc. 10) is **GRANTED**. Deangelo Bishop's petition for writ of habeas corpus under 28 U.S.C. §2241 (Doc. 1) is **DISMISSED** without prejudice.

The Clerk of Court is directed to enter judgment in favor of respondent.

**IT IS SO ORDERED.**

Signed this 24th day of November, 2015.

Digitally signed by Judge David R. Herndon
Date: 2015.11.24 15:31:04 -06'00'

**United States District Judge**